IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MELISA MICHELLE HOLBROOKS | ) | |
| | ) | |
| v. | ) | No. 2:18-0039 |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| Acting Commissioner of Social Security | ) | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Supplemental Security Income ("SSI") as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry ("DE") 17), to which Defendant has responded. DE 18. Plaintiff has also filed a reply brief. DE 19.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (DE 17) be **DENIED**.

## I. INTRODUCTION

Plaintiff filed an application for SSI on January 6, 2015, in which she alleged that she was unable to work because of chronic sciatica, pinched nerves, degenerative disc disease, mental

1

health illnesses, and numbness in the knee. *See* Transcript of the Administrative Record (DE 15) at 67, 83.[1] She alleged a disability onset date of May 1, 2014. AR 55.

Plaintiff's applications were denied initially and upon reconsideration. AR 67, 80. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ William Callahan on May 10, 2017. AR 26. On August 23, 2017, the ALJ denied the claim. AR 8-10. The Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was subsequently filed and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ made the following enumerated findings as part of his denial of Plaintiff's claim:

1. The claimant has not engaged in substantial gainful activity since January 6, 2015, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following medically determinable impairments: paraspinal muscle spasms; mild lumbar degenerative disc disease (DDD); early left knee degenerative joint disease (DJD); depression/affective disorder with mixed anxiety; hypertension; GERD; and obesity (416.922 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 122 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (416.922 *et seq.*).

---

[1] The Transcript of the Administrative Record is referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in the large black Bates stamps on the bottom right corner of each page.

2

4. The claimant has not been under a disability, as defined in the Social Security Act, since January 6, 2015, the date the application was filed (20 CFR 416.920(c)).

AR 13-21.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### IV. DISCUSSION AND CONCLUSIONS OF LAW

#### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

## B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *Id.* §§ 423(d)(3) and 1382c(a)(3)(D). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. § 416.920(a)(4)(i). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. *Id.* § 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. § 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853

F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 416.920(a)(4).

### C. The ALJ's Five-Step Evaluation of Plaintiff

The ALJ in the instant case resolved Plaintiff's claim at step two of the five-step process. Because Plaintiff was not found to have any severe impairments at step two, the ALJ determined that Plaintiff was not disabled. AR 13-21.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ improperly concluded at step two of the process that she does not suffer from a severe impairment. DE 17-1 at 9. Plaintiff requests that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration and an additional administrative hearing. *Id.* at 13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994).

**1. Step Two Finding.**

Although the ALJ found that Plaintiff suffered from several "medically determinable impairments," he concluded that none of these conditions constituted a "severe" impairment, thus necessitating a non-disability finding. AR 13-14, 21. An impairment is considered "severe" at step two of the evaluation only if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Step two is considered "a *de minimis* hurdle that a claimant clears unless the impairment is only a slight abnormality that minimally affects work ability." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal citation and quotations omitted). However, it is the claimant's burden to prove both that her impairment significantly limits her work-related activities and that her impairment has lasted or is expected to last for a continuous period of at least 12 months. *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012).

Plaintiff argues that the ALJ failed to properly consider relevant evidence by noting that two non-examining State agency physicians who reviewed her medical records, Drs. Alawode Oladele and Jayant Desai, each opined that degenerative disc disease ("DDD") represents a severe impairment, with Dr. Desai additionally concluding that "dysfunction-major joints" and obesity constitute severe impairments. AR 60, 73. Both physicians also proffered functional limitations relating to Plaintiff's physical condition, including mild restrictions on her ability to lift, carry, stand, and walk. AR 76-77.[2] The ALJ accorded "little weight" to these opinions based primarily on their inconsistency with the findings of a consultative examiner, Dr. Ashok Kancharla (AR 20, 296-99), which Plaintiff contends is a violation of the ALJ's duty to refrain from "play[ing] doctor

---

[2] Plaintiff does not argue that the ALJ improperly determined that her alleged mental impairments are non-severe.

and mak[ing] [his] own independent medical findings," *Simpson v. Comm'r of Soc. Sec.,* 344 F. App'x 181, 194 (6th Cir. 2009) (internal quotations omitted), because Dr. Kancharla's report does not contain any functional limitations and therefore fails to constitute a "medical opinion." DE 17-1 at 11-12.

The Court first notes that Plaintiff's complaint about the ALJ's designation of Dr. Kancharla's report as a medical "opinion" is immaterial. While it is true that a medical opinion is generally defined as a statement from an acceptable medical source that includes any physical or mental limitations caused by the subject claimant's condition, 20 C.F.R. § 416.927(a)(1), Plaintiff concedes later in her brief that the ALJ did not accord weight to the "opinion" of Dr. Kancharla, but instead explicitly gave weight to the examining provider's "findings." DE 17-1 at 11.[3] Regardless, this argument holds no water since the existence of a "medical opinion" from Dr. Kancharla is not required to discount the opinions of the non-examining state physicians. *Cf. Ziomber v. Comm'r of Soc. Sec.*, 205 F. App'x 412, 415 (6th Cir. 2006) (affirming ALJ's decision to reject treating physician's opinion based on its "inconsisten[cy] with the *clinical findings* of other physicians") (emphasis added).

Plaintiff's reliance on the *Simpson* holding is similarly misplaced as the ALJ in that case improperly rejected a treating physician's proposed functional limitations based on the entirely unsupported independent finding that such restrictions were "inconceivable," 344 F. App'x at 194, while the instant ALJ appropriately relied on specific findings from an examining source that contrasted with those from two non-examining sources. AR 20. The ALJ thus did not err by relying

---

[3] Plaintiff also employs hyperbole by claiming that the ALJ "repeatedly" referenced the medical "opinions" of Dr. Kancharla, but notes only one occurrence in the administrative opinion in which this designation is used. DE 17-1 at 11.

on Dr. Kancharla's report. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (holding that ALJ who rejected State agency physician's proposed exertional limitations "was not required to base her determination on a medical opinion, and substantial evidence, including objective medical evidence, supported her decision").

The pertinent issue is instead whether the ALJ's step two determination is supported by substantial evidence. The ALJ concluded that the non-examining physicians' opinions were entitled to little weight because they were not based on objective medical evidence, but instead Plaintiff's subjective complaints. AR 20. Plaintiff asserts, however, that the objective medical evidence is "highly indicative of a severe impairment" (DE 17-1 at 12), and points to a CT scan from June of 2014 that revealed DDD "without focal disc herniation or spinal stenosis," but "borderline" neural foraminal stenosis at the L3-4 level. AR 259-60. She additionally relies on a questionable letter from "Dr[.] Wood," dated July 22, 2014 and addressed to Plaintiff, in which the author claims that Plaintiff suffers from "left sided nerve impingement" that causes "constant and excruciating pain." AR 275. Plaintiff further references a note documenting an emergency room encounter on July 27, 2014, during which she exhibited a limited range of motion due to left leg pain (AR 331, 336), as well as a chest x-ray that demonstrated "mild thoracic spondylosis." AR 320.

A common thread in the evidence cited by Plaintiff is that almost all of these encounters took place well before the January 6, 2015 application date, which is the beginning of the relevant time period for purposes of SSI consideration. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date."). *See also Grimes v. Comm'r of Soc. Sec.*, No. 3:13-CV-299, 2015 WL 4550338, at *6 (S.D. Ohio Mar. 3, 2015) (noting that the relevant

time period in SSI claim is between the application date and the date of the ALJ's decision). Plaintiff makes no distinction between pre-application and post-application evidence, even in reply to the Commissioner's emphasis on this issue. *See* DE 18 at 4. This is significant because the sparse medical evidence from the relevant period in this case bolsters the ALJ's step two finding. Dr. Kancharla's examination on April 10, 2015 produced almost entirely normal findings based on numerous measurements, including range of motion, straight leg raising ("SLR"), and strength. AR 296-99. Dr. Kancharla additionally found that Plaintiff's gait and station were normal. AR 298. A physical examination on May 26, 2015 similarly revealed normal findings with respect to Plaintiff's back and extremities. AR 388. A nurse's note from June 4, 2015 documents Plaintiff's complaint of "pain in left leg" (AR 344), but an examination less than three weeks later yielded no abnormalities or functional deficits. AR 343. Simply put, there is very little evidence that Plaintiff's alleged impairment meets the 12-month durational requirement or significantly limits her ability to perform basic work activities. *Rogers v. Soc. Sec. Admin.*, No. 3:14-cv-1322, 2017 WL 3674840, at *14 (M.D. Tenn. Aug. 24, 2017).

Plaintiff's reliance on the aforementioned "medical letter" that was purportedly written by Dr. Morgan Wood in July of 2014 is unavailing for multiple reasons. DE 17-1 at 4, 12. The document contains no heading or other caption that might verify its origin, nor does it identify the full name of the individual who allegedly authored the letter. There is instead a signature line designated for "Dr [sic] Wood" with an accompanying signature that does not correspond to the name "Morgan Wood," as well as the handwritten name of a facility in Palm Beach Gardens, Florida, which is approximately 700 miles from Plaintiff's residence in Martin, Georgia. AR 8,

275. Even assuming the authenticity of this document,[4] there is no indication in the record that Plaintiff has ever treated with Dr. Morgan Wood. The letter also appears to be based entirely on Plaintiff's reported complaints, which further diminishes its import. *See Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (noting that an opinion that does no more than repeat a claimant's allegations is not well-supported). The ALJ therefore appropriately discounted this dubious exhibit.

Finally, and significantly, Plaintiff has identified no medical opinion that suggests the presence of any disabling condition, as is her burden. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) (internal citation omitted). She emphasizes the "severity" findings of Drs. Oladele and Desai while overlooking their accompanying opinions that Plaintiff is capable of medium-level work *and* that she can perform her past relevant work as a cashier. AR 63, 65, 76, 78. The ALJ, based on a vocational expert's testimony regarding the vocational requirements delineated in the *Dictionary of Occupational Titles*, classified this cashier position as "light" exertional capacity, a classification more restrictive, and thus more favorable to Plaintiff, than the "medium" level work capability suggested by Drs. Oladele and Desai. AR 51.[5] As such, even if the ALJ had accorded full weight to the opinions of Drs. Oladele and Desai and adopted all of their proposed functional limitations, such a finding would not prevent Plaintiff from performing her past relevant work as a cashier, which would preclude a conclusion that she is disabled. *See* 20 C.F.R. § 416.920(a)(4)(iv) ("If you can still do your past relevant work, we will find that you are

---

[4] The undersigned highlights the following questionable statement in the document: "[Y]ou should possibly consider applying for some type of governmental assistance assist [sic] you in getting medical help to be able to return to functioning to obtain work." AR 275.

[5] Medium work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

not disabled."). Therefore, any error committed by the ALJ at step two would be rendered harmless. *See Pelfrey v. Astrue*, No. CIV.A.09-97-GWU, 2010 WL 1872905, at *6 (E.D. Ky. May 10, 2010) (holding that ALJ's lack of "severe" impairments finding represented harmless error because the claimant "did not carry her burden of showing she could not return to her past relevant work").

Plaintiff's reply brief is again silent in response to Defendant's elucidation of these circumstances. DE 18 at 10-11. Plaintiff instead repeats her assertion that the ALJ "discounted the only opinions of record" (DE 19 at 1), which she attributes to Drs. Oladele and Desai, despite the fact that neither opinion would disqualify her from performing past relevant work, which would transform remand of the ALJ's decision into "an idle and useless formality." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (internal citation omitted). She also reiterates her claim that the ALJ improperly "play[ed] doctor" by concluding that her impairments were not severe (*id.*), yet this inaccurately portrays both the current ALJ's analysis, which emphasizes the normal physical findings documented by an examining physician, and the role of the ALJ in general, which requires "weigh[ing] the evidence, resolv[ing] material conflicts, [and] mak[ing] independent findings of fact." *Blair v. Comm'r of Soc. Sec.*, 178 F.3d 1293 (6th Cir. 1999). *See also VanSingel v. Comm'r of Soc. Sec.*, 26 F. App'x 488, 490 (6th Cir. 2002) (noting that "[i]t is squarely within the province of the ALJ" to weigh relevant, conflicting evidence). The ALJ in the current matter properly considered the factors delineated in 20 C.F.R. § 416.927(c), including the consistency and supportability of the physicians' opinions. AR 20. The Court also notes that the Sixth Circuit has held, in a case strikingly similar to the instant one, that substantial evidence supports an ALJ's conclusion that no severe impairment exists when the "only medical evidence suggesting [the claimant] has any impairment at all comes from the non-examining state agency

physicians, who specifically found that she could perform medium-level work." *Long v. Apfel*, 1 F. App'x 326, 332 (6th Cir. 2001).

Although the determination of whether an impairment is "severe" at step two of the evaluation should be "liberally construed" in favor of the claimant, *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007), achieving this level of severity is not a foregone conclusion. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) (affirming ALJ's step two finding of no severe impairment because the claimant's "host of medical impairments ... does not establish that [the claimant] was significantly limited from performing basic work activities for a continuous period of time"). Plaintiff in this case claims that she continues to experience disabling pain, yet the record is essentially bereft of any indication that she exhibited symptoms relating to degenerative disc disease after her application date of January 6, 2015, which is significant given that a reviewing judge is obligated to "only analyze the medical evidence immediately preceding, and after, Plaintiff's [SSI] application date." *Russell v. Comm'r of Soc. Sec.*, No. CIV.A. 10-12118, 2012 WL 882889, at *1, n.1 (E.D. Mich. Jan. 26, 2012), *report and recommendation adopted*, No. 10-12118, 2012 WL 882802 (E.D. Mich. Mar. 14, 2012). Even if all pre-application evidence is considered, there is no suggestion from a treating physician that Plaintiff suffers from any functional limitations due to a physical impairment, which weighs against a finding of severity. *See Long*, 1 F. App'x at 332 (affirming ALJ's non-severe step two finding given that the "record ... does not contain a single statement by a treating physician indicating that [the claimant's] health problems result in any specific work-impairing limitations"). The Court thus concludes that the ALJ's decision is supported by substantial evidence.

The ALJ correctly noted that Plaintiff continued to be employed through the date of her administrative hearing and exhibited no significant physical symptoms during multiple physical examinations following her application date. AR 13, 15-16. Furthermore, even if the ALJ's step two conclusion lacked the support of substantial evidence, there is no medical opinion or other evidence to suggest that Plaintiff could not perform her past relevant work, which would render harmless any error committed at step two. Accordingly, the Court declines to "convert judicial review of [this] agency action into a ping-pong game" that fails to advance Plaintiff's claim in any meaningful way. *M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 859-60 (E.D. Mich. 2012) (internal citation omitted). This assertion of error is therefore rejected.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 17) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *Id.*; M.D. Tenn. R. 72.01(b). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge