# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MELISA MICHELLE HOLBROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00039 |
| | ) | |
| **ANDREW SAUL, Commissioner** | ) | |
| of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

In this appeal from the denial of Supplemental Security Income ("SSI") benefits, Magistrate Judge Holmes has entered a Report and Recommendation ("R&R") (Doc. No. 20) in which she recommends that Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 17) be denied, and that the decision of the Commissioner be affirmed. Plaintiff has filed one objection to the R&R. (Doc. No. 21). That objection will be overruled.

Utilizing the well-established-five step sequential evaluation process for determining whether an individual is disabled, 20 C.F.R. § 416.920(a), the Administrative Law Judge ("ALJ") determined that Plaintiff did not suffer a severe impairment that met the 12-month durational requirement, id. § 416.920(a)(4)(ii). As a consequence, he ended the inquiry at step two.

Plaintiff argues this was premature and error because the ALJ engaged in an "overly stringent review of the record in determining that none of her impairments met the *diminimis* standard of severity for purposes of the step two determination." (Doc. No. 17 at 1). While acknowledging that the limitation of medium work imposed by the ALJ "is not extreme," she point out it "is still a limitation in her ability to do many jobs." (Id. at 2). Because "the evidence definitively shows more than minimal impairments," and her claim is not "totally groundless,"

Plaintiff insists that the R&R "must be rejected[.]" (Id.).

Plaintiff is correct that "step two of the five-step sequential analysis . . . presents only a *de minimis* hurdle for a claimant to clear." Sullivan v. Comm'r of Soc. Sec., No. 18-5523, 2018 WL 8344632, at *3 (6th Cir. Dec. 17, 2018) (citing Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam)). "At step two, the Commissioner must determine whether the claimant has a severe impairment," and is "' intended to "screen out totally groundless claims.'" Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 576 (6th Cir. 2009) (quoting Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89 (6th Cir.1985)). "[I]f an impairment has 'more than a minimal effect' on the claimant's ability to do basic work activities, the ALJ must treat it as 'severe.'" Id. at 576-77.

"The step-two severity determination is phrased in the negative: if a claimant does not have a severe medically determinable physical or mental impairment, for at least twelve months, or a combination of impairments that is severe, the claimant is not disabled." Germany-Johnson v. Comm'r of Soc. Sec., 313 F. App'x 771, 774 (6th Cir. 2008). Clearly, Plaintiff's impairments were not groundless under 20 C.F.R. § 404.1521. As the ALJ recognized, Plaintiff suffers from several "medically determinable impairments," including "paraspinal muscle spasms"; " early left knee degenerative disease"; "depression/affective disorder with mild anxiety"; "hypertension"; "GERD" and obesity. (Administrative Record ("AR") at 13-14). The record also includes a diagnosis of degenerative disk disease by Drs. Alawode Oladele and Jayant Desai, which the ALJ discounted because "their opinions appear to be based on the subjective complaint of the claimant rather than the objective medical evidence[.]" (Id. at 13, 60, 73).

"The question in this appeal thus becomes whether there is also substantial evidence to support the opposite conclusion – that the claimant's impairments are so slight that they have little,

2

if any, impact on her work capacity." Germany-Johnson, 313 F. App'x at 774. Critical here is the substantial evidence standard, which, the Supreme Court recently reiterated, "is not high" and requires only "more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. This is because "'[t]he substantial-evidence standard presupposes that there is a choice within which the decisionmakers can go either way, without interference by the courts.'" Blakely v. Comm's of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Id. (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

Given this standard and the administrative record, the Court must defer to the ALJ's conclusion. While Plaintiff was not engaged in "substantial gainful activity" as of the date of her application for purposes of 20 C.F.R. § 416.97, by her own admission at the administrative hearing Plaintiff worked during the year after her alleged onset date of May 2014. This included babysitting another's child for six hours a day, four to five days a week, and working as a cashier for 18 to 20 hours a week from October 2016 through the date of the hearing on May 10, 2017. (A.R. 34, 39). In fact, she reported earning more in the year after her alleged onset dated than she had in the prior ten years. (Id. at 188).

Further, during the relevant time frame, Plaintiff relied on sporadic and conservative treatment for her allegedly limiting impairments, consisting primarily of trips to the emergency room. She also was treated at the Open Arms Clinic in June 2015 for assorted complaints (A.R.

3

342-347), but there is no suggestion that treatment continued thereafter. Modest or conservative treatment can be viewed as inconsistent with a finding of disability. Helm v. Comm'r of Soc. Sec. Admin., 405 F. App'x 997, 1001 (6th Cir. 2011); Myatt v. Comm'r of Soc. Sec., 251 F. App'x 332, 335 (6th Cir. 2007)

Plaintiff "had the burden of showing that [s]he had a severe impairment that met the twelve-month duration requirement." Harley v. Comm'r of Soc. Sec., 485 F. App'x 802, 803 (6th Cir. 2012). To meet this burden, Plaintiff was required to show that she had an impairment that had lasted or was expected to last for a continuous period of at least twelve months, and that this impairment significantly limited her ability to do basic work activities. Id. There was more than substantial evidence from which the ALJ could conclude that Plaintiff did not carry this burden. Moreover, even if the ALJ aborted the sequential step analysis too early, this was at best harmless error because substantial evidence established that Plaintiff could perform her past or present work for purposes of step four. See Griffith v. Comm'r of Soc. Sec., 217 F. App'x 425, 428 (6th Cir. 2007) (stating that a court is "not required to remand where to do so would be an idle and useless formality" and declining to remand where the ALJ may have erred at step two because there was "substantial evidence to support the finding of 'not disabled' at step four").

Accordingly, and upon *de novo* review as required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court rules as follows:

(1) Magistrate Judge Holmes's "R&R" (Doc. No. 20) is **APPROVED** and **ADOPTED**;

(2) Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 17) is **DENIED**; and

(3) The Commissioner's decision denying benefits is **AFFIRMED**.

The Clerk of the Court will enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE